UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NICOLAS SOLER,                          :
      Plaintiff,                    :
                                        :
v.                                      :        C.A. No. 15-247ML
                                        :
THE PROVIDENCE JOURNAL                  :
and PROVIDENCE JOURNAL                  :
"STAFF WRITER" DOE,                     :
      Defendants.                   :

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

On June 17, 2015, Plaintiff Nicolas Soler ("Soler" or "Plaintiff"), a prisoner held at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island, filed a handwritten form complaint *pro se* for libel against the Providence Journal Company and a journalist named as "staff writer" Doe. ECF No. 1. The complaint seeks compensatory and punitive damages against each Defendant, as well as an order to retract the "false accusation, and print proper charge of Plaintiff." ECF No. 1 at 3-4. It was accompanied by a motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2), which does not include the required certified copy of Plaintiff's prison trust fund account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2).

The IFP motion has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(A). Based on the lack of a certified copy of ths prison trust fund account statement for the requisite period, I recommend that it be denied without prejudice. Because Plaintiff seeks to proceed IFP, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2), which authorizes federal courts to dismiss actions in which a plaintiff seeks IFP status if the action is frivolous or malicious or fails to state a claim upon which relief may be granted. Denton v. Hernandez, 504

U.S. 25, 32-33 (1992); see Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011) (legal

standard for dismissing complaint for failure to state a claim pursuant to §§ 1915(e)(2) and

1915A is same as for Rule 12(b)(6) motion to dismiss).  To survive, the complaint must contain

sufficient factual allegations to "state a claim to relief that is plausible on its face."  Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Mindful of Plaintiff's *pro se* status,[1] I find that his complaint should be dismissed based on this

Court's lack of subject matter jurisdiction and on the pleading's failure to state a claim upon

which relief may be granted because it does not assert actionable libel and is barred by the

applicable statute of limitations.

I.      SCREENING

     A.      Background

        Plaintiff claims that on or about January 11, 2012, the Providence Journal published an

article written by journalist Doe, which "wrongly – falsly [sic] states [that Plaintiff] was

'charged' with: pointing gun at an officer."  ECF No. 1-1 at 1.  Plaintiff contends that the article

is libelous, "as what stated not true, done with 'malice.'  No 'fact check' done prior to article."

Id. (emphasis in original).  Attached to the complaint is what purports to be an excerpt from the

article.  ECF No. 1-1 at 3.  It makes no mention of a charge of pointing a gun at the police.

Rather, it states that "Police say [Plaintiff], 19, walked off the porch to meet the undercover

police car, waving a gun in the air," and that he was "arrested on gun charges."  Id.  The article

attributes the information reported to "a police report."  Id.

---

[1] Because Plaintiff is *pro se*, he is entitled to a liberal construction of the relevant pleading.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

**B.      Subject Matter Jurisdiction**

This Court has an independent obligation to inquire, *sua sponte*, into its subject matter

jurisdiction.  See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action."); McCulloch v. Velez, 364 F.3d 1,

5 (1st Cir. 2004).  In this instance, Plaintiff has wrongly invoked this Court's jurisdiction by

checking off the "Federal Question" box on the civil cover sheet, ECF No. 1-2 at 1; that his libel

claim does not arise under federal law, but rather arises under the libel law of the State of Rhode

Island, is confirmed by his invocation of Lambert v. Providence Journal Co., a libel case decided

under the law of Rhode Island.  508 F.2d 656, 658 & n.6 (1st Cir. 1975).  The threshold question

at screening is whether, lacking any basis for federal question jurisdiction, Plaintiff may

nevertheless rely on diversity of citizenship as an avenue to invoke federal jurisdiction.  28

U.S.C. § 1332(a) (federal courts have original jurisdiction over civil actions between citizens of

different states where the amount in controversy exceeds $75,000).  This determination requires

an examination of the complaint to determine whether it reveals the citizenship of the parties.

See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).  Here, Plaintiff's civil

cover sheet indicates that he and both defendants are all citizens of Rhode Island.  ECF No. 1-2

at 1.  Consistently, and doubtless because of his error in checking the box for federal question

jurisdiction, the complaint does not plead that the named defendant, the Providence Journal,[2] is a

citizen of a state other than Rhode Island.

---

[2] The other defendant is the unknown journalist named as Doe.  If Plaintiff does not know the name of this
defendant, it is also unlikely that he is aware of where Doe is domiciled, which is usually the fact that is
determinative of the citizenship of an individual.  See, e.g., Codagnone v. Perrin, 351 F. Supp. 1126, 1129 (D.R.I.
1972) ("For diversity purposes, 'citizenship' means 'domicile' and mere residence in the state is not sufficient.").
Accordingly, it is impossible for him to plead diversity as to Doe.  Although the First Circuit has not ruled on
whether Doe defendants are permitted in diversity cases originally filed in federal court, Universal Comm'n Sys.,
Inc. v. Lycos, Inc., 478 F.3d 413, 426 n.10 (1st Cir. 2007), I decline to recommend dismissal of the complaint based
merely on the naming of a Doe defendant.  See Infante-Paneque v. Cona Inv., Inc., Civil No. 09-1712 (JP), 2009
WL 3878283, at *3 (D.P.R. Nov. 12, 2009) ("In the absence of a rule in the First Circuit precluding Doe defendants

It is well settled that a well-pleaded complaint that does not assert a federal question must

affirmatively plead complete diversity of citizenship.  See, e.g., Hall v. Curran, Civil No. 08-cv-

350-JL, 2009 WL 112552, at *2 (D.N.H. 2009) ("[t]o establish diversity jurisdiction, a complaint

must allege complete diversity of citizenship between plaintiff and defendants"); Soler v. Puerto

Rico Tel. Co., 230 F. Supp. 2d 232, 234 (D.P.R. 2002) ("The existence of diversity jurisdiction

must be evident on the face of the complaint in order for a federal court to assume jurisdiction.");

Kussmaul v. Peters Constr. Co., 563 F. Supp. 91, 92 n.1 (D.R.I. 1983) (naked allegations of

diversity jurisdiction do not invoke court's diversity jurisdiction).  Plaintiff has not adequately

pled that this Court has diversity jurisdiction over his state-law claim; based on the civil cover

sheet, it would appear that it does not.  Accordingly, the complaint must be dismissed for the

lack of subject matter jurisdiction with leave to re-plead; Plaintiff can cure the jurisdictional

deficit if he either adds a federal question claim or limits the defendants to persons and entities

that are not citizens of Rhode Island.  At bottom, without subject matter jurisdiction, the Court is

without the power to consider this case.

C.      **Failure to State a Claim**

Under Rhode Island libel law, a plaintiff must prove: (a) a false and defamatory statement

concerning another; (2) an unprivileged communication to a third party; (3) fault amounting to at

least negligence; and (4) damages.  Mills v. C.H.I.L.D., Inc. 837 A.2d 714, 720 (R.I. 2003).  It is

well-settled that the court decides whether a statement is capable of a libelous meaning.

Lambert, 508 F.2d at 658.  In making that determination, the Court must read the allegedly

---

in diversity cases, the Court will not dismiss the complaint on this basis.").  Nevertheless, Plaintiff is cautioned that,
if he hereafter names Doe in an amended complaint, and he/she is later identified as a citizen of Rhode Island, this
action may well be dismissed for lack of subject matter jurisdiction.  See In re Olympic Mills Corp., 477 F.3d 1, 6-7
(1st Cir. 2007) (postfiling introduction of nondiverse party spoils jurisdiction that was obtained when the suit
commenced); Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 673-75 (1st Cir. 1994) ("federal
diversity jurisdiction is defeated so long as, after removal, fictitious defendants are replaced with nondiverse, named
defendants").

defamatory publication, Bray v. Providence Journal Co., 220 A.2d 531, 534 (R.I. 1966), and

interpret its language objectively and in the "plain and ordinary sense." Reid v. Providence

Journal Co., 37 A. 637, 637 (R.I. 1897). This complaint founders on the stark discrepancy

between Plaintiff's allegation that the article wrongly and falsely states that he was "'charged'

with: pointing gun at an officer" and the article itself, which states only that Plaintiff was

"waving a gun in the air." ECF No. 1-1 at 1, 3. In terms of charges, the article says only that

Plaintiff "was arrested on gun charges." Id. at 3. The article does not say that Plaintiff was

charged with pointing a gun at an officer, which is the only matter that the complaint contends

constitutes libel. Accordingly, the complaint fails to state a claim.[3]

The other reason why this complaint must be dismissed at screening is Plaintiff's failure

to file it within the three-year period set by the statute of limitations applicable to an action for

defamation or libel. R.I. Gen. Laws § 9-1-14(b).[4] Plaintiff alleges that on or about January 11,

2012, the Providence Journal published the article about his arrest. Plaintiff had until January

11, 2015, to bring this libel action. Because the complaint was filed on June 17, 2015 (more than

five months out of time), Plaintiff's claim should be dismissed. This deficit may be cured if

---

[3] A problem that may affect Plaintiff's claims hereafter arises from the "fair report privilege," which immunizes a publisher from liability for libel claims if what has been published is a "fair report" of an official action or proceeding. Trainor v. The Standard Times, 924 A.2d 766, 770 (R.I. 2007). Because "police reports have often been held to constitute the sort of official report to which the fair report privilege may attach," the Rhode Island Supreme Court has extended the privilege to published news items that rely on police reports. Id. at 772. If the challenged article reports information that is "according to a police report," as the excerpt attached to the complaint suggests, ECF No. 1-1 at 3, the complaint will be vulnerable to a motion for summary judgment. Cobin v. Hearst-Argyle Television, Inc., 561 F. Supp. 2d 546, 550-59 (D.S.C. 2008) (fair report privilege leads to dismissal of libel claim based on comparison of article to police report). At screening, with no access to the police report, I decline to consider this potential deficit.

[4] The Rhode Island Supreme Court has held that one's right to be free from defamatory statements is a right "to which one is entitled by reason of being a person," thus falling within the scope of the three-year statute of limitations for personal injuries. Mikaelian v. Drug Abuse Unit, 501 A.2d 721, 724 (R.I. 1985) ("the three-year statute of limitations relating to injuries to the person would be applicable to an action for written defamation or libel").

Plaintiff files an amended complaint that plausibly alleges a basis for tolling the statute of limitations.

### D.    Screening Conclusion

Based on the foregoing, I recommend that Plaintiff be granted leave to file an amended complaint within thirty days of this Court's adoption of this recommendation that properly invokes the Court's jurisdiction and states an actionable and timely claim (if he has one).  Brown v. Rhode Island, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) (district courts are advised to give plaintiffs "some form of notice and an opportunity to cure the deficiencies in the complaint;" vacating dismissal under §§ 1915(e) and 1915A).  Such an amended complaint must overcome the deficits identified in this report and recommendation; if an amended complaint is not timely filed, or if the amended complaint fails to cure the deficiencies, I recommend that this action be dismissed for lack of subject matter jurisdiction and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    IFP MOTION

Because Plaintiff's IFP motion omitted the required certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint, I recommend that the motion be denied.  28 U.S.C. § 1915(a)(2).  If Plaintiff seeks to amend his complaint, he must refile his IFP motion; this action cannot proceed unless either the IFP motion is granted or he pays the filing fee.  If he refiles the IFP motion, he must append a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the action.  28 U.S.C. § 1915(a)(2).  For example, if filed in this action, the statement must cover the period from December 17, 2014, to June 16, 2015.  If he has been confined at more than one institution during that period, he should submit a statement from each facility

during the period. Each copy must show the credits and debits to his account, as well as the monthly balances. If he had no account during the relevant period, he should submit a certified statement from an official at the facility so stating. The Court also cautions that the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), prohibits IFP status for a prisoner who has brought three or more cases that were dismissed as frivolous or for failure to state a claim. Although it does not appear that Plaintiff has filed a prior complaint that has been dismissed on those grounds, the present case could ripen into the first.

## III. CONCLUSION

In light of the foregoing, I recommend that the IFP motion be denied and that Plaintiff be ordered to file an amended complaint that cures the identified deficits within thirty days of this Court's adoption of this report and recommendation, together with either an IFP motion that complies with 28 U.S.C. § 1915(a)(2) or the filing fee. If a viable amended complaint and either a compliant IFP motion or the filing fee are not timely filed, I recommend that this action be dismissed (a) for lack of subject matter jurisdiction; (b) pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (dismissal of suits that fail to state a claim on which relief may be granted); and (c) because it is barred by the applicable statute of limitations.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 24, 2015